**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MILLENNIUM FUNDING INC., BODYGUARD PRODUCTIONS, INC., and LHF PRODUCTIONS, INC., <br><br>  Plaintiff, <br><br>v. <br><br>MICHAEL A. HIERL, ESQ. AND HUGHES SOCOL PIERS RESNICK & DYM, LTD., <br><br>  Defendants. | Case No.: 2023-cv-16372 <br><br>Hon. John F. Kness <br><br>TRIAL BY JURY DEMANDED |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT</u>**

     NOW COME the Defendants, MICHAEL A. HIERL and HUGHES SOCOL PIERS RESNICK & DYM, LTD., by and through their attorneys JOHNSON & BELL, LTD., and in answering Plaintiffs' Complaint state as follows:

     1.    Plaintiffs Millennium Funding, Inc., Bodyguard Productions, Inc., and LHF Productions, Inc. (collectively, "Plaintiffs" or "Millennium") are well-known and successful independent film companies in Los Angeles, California that finance, produce, and sell films worldwide, including the well-known and successful films *The Expendables, Olympus Has Fallen,* and *The Hitman's Bodyguard.*

     **ANSWER:**    Upon information and belief, Defendants admit the allegations contained in ¶ 1.

     2.    Millennium and its predecessors in interest engaged Defendants to pursue certain third-parties infringing Millennium's copyrights and trademark rights related to its film portfolio,

including filing infringement actions against and collecting monetary settlement payments from the third-party infringers.

**ANSWER:** **Denied.**

3. Despite Plaintiffs' several requests, Defendants have refused to provide Plaintiffs with a complete and accurate accounting identifying all costs, fees, and receipts for each infringement actions Defendants filed on Plaintiffs' behalf as well as Defendants' files for each of those actions.

**ANSWER:** **Denied.**

4. Upon information and belief, Defendants have failed to remit to Plaintiffs the full settlement payments Defendants received from defendants in the infringement actions Defendants filed on Plaintiffs' behalf, and as a result of Defendants' refusal to provide Plaintiffs with Defendants' files relating to the infringement actions and a complete and accurate accounting, Plaintiffs are unable to determine the amounts Defendants have failed to pay to Plaintiffs.

**ANSWER:** **Denied.**

5. As set forth more fully below, Defendants' conduct constitutes a breach of contract and justifies Plaintiffs' claim for a full and complete accounting from Defendants.

**ANSWER:** **Denied.**

## PARTIES TO THIS ACTION

6. Millennium Funding, Inc. is a Nevada corporation with its principal place of business in Los Angeles, California, and is the successor in interest of certain parties named in lawsuits Defendants filed on Millennium's behalf.

**ANSWER:** **Upon information and belief, Defendants admit the allegations contained in ¶ 6.**

7. Bodyguard Productions, Inc. is a Nevada corporation with its principal place of business in Los Angeles, California.

**ANSWER: Upon information and belief, Defendants admit the allegations contained in ¶ 7.**

8. LHF Productions, Inc. is a Nevada corporation with its principal place of business in Los Angeles, California.

**ANSWER: Upon information and belief, Defendants admit the allegations contained in ¶ 8.**

9. Michael A. Hierl, Esq. ("Mr. Hierl") is a citizen of Illinois and an Illinois attorney who practices as a shareholder with the law firm Hughes Socol Piers Resnick & Dym, Ltd. in Chicago, Illinois.

**ANSWER: Admitted.**

10. Hughes Socol Piers Resnick & Dym, Ltd. ("HSPR&D") is an Illinois corporation with its principal place of business in Chicago, Illinois.

**ANSWER: Admitted.**

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and countries and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Defendants admit the allegations contained in ¶ 11 including that Plaintiffs claim an amount in controversy exceeding $75,000, but deny that they are in any way liable to Plaintiffs for any amount.**

12. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), as a substantial part of the events giving rise to Plaintiffs' claims set forth in this Complaint occurred in this district.

**ANSWER: Admitted.**

13. This Court has personal jurisdiction over Defendants because they reside and/or transact business in Illinois and in this judicial district.

**ANSWER: Admitted.**

### FACTS COMMON TO ALL COUNTS

14. Millennium is in the business of producing, financing, and selling films worldwide. Over the years, Millennium has produced many well- known movies, including the films *The Expendables* and *Olympus Has Fallen,* and *The Hitman's Bodyguard* (collectively, "Millennium's Films")

**ANSWER: Upon information and belief, Defendants admit the allegations contained in ¶ 14.**

15. Millennium owns a substantial portfolio of trademarks and copyrights in and related to Millennium's Films (collectively, "Millennium's Intellectual Property").

**ANSWER: Upon information and belief, Defendants admit the allegations contained in ¶ 15.**

16. To help combat infringing copies of Millennium's Films being sold and distributed through the Internet, in 2012, Millennium and its predecessors in interest, through their prior agent, engaged Defendants to prepare and file infringement actions against the third-party infringers in the United States District Court of the Northern District of Illinois.

**ANSWER: Defendants admit that they were engaged by Copyright Management Services, Ltd. ("CMS") on or about February 1, 2012 to prepare and file copyright**

**infringement actions in the United States District Court for the Northern District of Illinois on behalf of CMS clients, including Millenium. Defendants deny any and all remaining allegations contained in ¶ 16.**

17. To facilitate Defendants' representation of Millennium, Millennium's agent would supply Defendants with the internet protocol addresses of suspected infringers, and Defendants would then file a John Doe complaint and propound subpoenas to non-party internet service providers to determine the identity of the suspected infringer based on his or her internet address. Upon learning the identity of the suspected infringer, Defendants would then amend the complaint to name that individual as a defendant.

**ANSWER: Defendants admit that CMS would supply Defendants with the internet protocol addresses of suspected infringers, and Defendants would then file a John Doe complaint and propound subpoenas to non-party internet service providers to determine the identity of the suspected infringer based on his or her internet address and that Defendants would thereafter amend the complaints they filed. Defendants deny any and all remaining allegations contained in ¶ 17.**

18. If Defendants were able to settle the claims against the third-party infringers, Defendants were permitted to retain certain percentages of the settlement payment as their contingency fee, and required to remit the balance to Millennium's agent for payment to Millennium.

**ANSWER: Defendants admit that pursuant to their engagement agreement with CMS they were allowed to retain certain percentages of the settlement payments they recovered and then remitted the balance to CMS. Defendants deny any and all remaining allegations contained in ¶ 18.**

19. In 2019, Millennium appointed a new agent ("Millennium's Current Agent") to communicate with Defendants on Millennium's behalf to coordinate Defendants' enforcement of Millennium's Intellectual Property, thereby replacing Millennium's prior agent. Millennium informed Defendants of its appointment of its Current Agent on December 7, 2020, and instructed Defendants at that time to make any future payments resulting from Defendant's enforcement efforts to this Millennium's Current Agent on behalf of Millennium.

**ANSWER:** **Denied.**

20. As such, as of December 7, 2020, Defendants were required to remit payments (less Defendant's retained contingency fee) to Millennium's Current Agent rather than Millennium's prior agent.

**ANSWER:** **Denied.**

21. As part of Millennium's engagement of Defendants, Defendants are also required to deliver to Millennium and its Current Agent monthly reports providing details of the Infringement Actions including, but not limited to, any number of actions filed, the number of settlement agreements reach, and collections made as a result of any such settlement agreements.

**ANSWER:** **Defendants admit that, pursuant to their agreement with CMS, they provided monthly reports to CMS regarding the actions they filed and the amounts available for distribution related to those actions. Defendants deny any and all remaining allegations contained in ¶ 21.**

22. Since Millennium engaged Defendants in 2012, Defendants have filed hundreds of cases on behalf of Millennium and parties that have since merged with Plaintiff Millennium Media, Inc., in the Northern District of Illinois against third-parties infringing Millennium's Intellectual Property (the "Infringement Actions").

**ANSWER:** **Defendants admit that CMS engaged Defendants in or around February 2012 and that Defendants have filed numerous lawsuits on behalf of CMS clients, including Millenium, in the Northern District of Illinois. Defendants deny any and all remaining allegations contained in ¶ 22.**

23. At all times during Defendants' representation of Millennium, Mr. Hierl directed and supervised Defendants' work relating to Defendants' representation of Plaintiffs.

**ANSWER:** **Defendants admit that Mr. Hierl was the primary contact for Hughes Socol Piers Resnick & Dym, Ltd. for the matters on which it was engaged by CMS, including those involving Millenium. Defendants deny any and all remaining allegations contained in ¶ 23.**

24. Beginning in 2021, Plaintiffs detected discrepancies between the information available from the dockets of the Infringement Actions and the information and accountings Defendants had provided to Plaintiffs concerning the Infringement Actions, including what appeared to be settlement payments Defendants collected but failed to report and pay to Plaintiffs.

**ANSWER:** **Denied.**

25. Despite Plaintiffs' numerous requests for Defendants to provide their files and a complete and accurate accounting for the Infringement Actions, Defendants have refused to do so.

**ANSWER:** **Denied.**

26. For example, on November 23, 2021, Mr. Hierl incorrectly stated in a letter to Plaintiffs' counsel that Millennium's prior agent, Copyright Management Services, Ltd. ("CMS"), not Millennium, is his client, and that he would "act appropriately" if and when CMS

-7-

requests that he turn over his files for the Infringement Actions. A true and correct copy of this letter is attached hereto as **Exhibit A.**

**ANSWER: Defendants admit that Exhibit A attached to the Complaint is a true and correct copy of a letter Mr. Hierl sent to counsel for Millenium on November 23, 2021. Defendants deny any and all remaining allegations contained in ¶ 26.**

27. In December 2021, Defendants engaged counsel to represent them in connection with Defendants' dispute with Plaintiffs, however, Plaintiffs still were unable to obtain additional information or files for the Infringement Actions from Defendants. After Defendants' counsel missed a scheduled call with Plaintiffs' counsel, on January 11, 2022, Plaintiffs' counsel sent Defendants' counsel an email asking for an update on the status of Defendants' files for the Infringement Cases.

**ANSWER: Denied.**

28. After receiving no further communications from Defendants or Defendants' counsel, Plaintiffs' counsel sent Mr. Hierl a letter on November 15, 2022 again demanding that Defendants send their files for the Infringement Actions to Millennium. A true and correct copy of this letter is attached hereto as **Exhibit B** (the "November 15 Letter"). In the same letter, Plaintiffs' counsel also demanded that Defendants provide (a) complete list of all cases Defendants filed on Millennium's behalf with details on the current status of each case; and (b) a current accounting identifying all costs, fees, and receipts for each case, and supporting documentation for the same. *See* **Exhibit B.**

**ANSWER: Defendants admit that Exhibit B attached to the Complaint is a true and correct copy of a letter counsel for Millenium set to Mr. Hierl on November 15, 2022. Defendants deny any and all remaining allegations contained in ¶ 28.**

29. On November 23, 2022, Defendants' counsel left a voice message for Plaintiffs' counsel stating that Defendants have "no objection" to providing the materials Plaintiffs requested in the November 15 Letter, but that Defendants would require additional time to collect the materials and that they would "get to it after the holiday."

**ANSWER:    Admitted.**

30. Plaintiffs' counsel followed up with Defendants' counsel on November 30, 2022 and December 7, 2022 asking when to expect the materials requested in the November 15 Letter. A true and correct copy of Plaintiffs' correspondence with Defendants is attached hereto as **Exhibit C.**

**ANSWER:    Defendants admit that Exhibit C attached to the Complaint contains a true and correct copy of emails sent by counsel for Millenium to counsel for Defendants on November 30, 2022 and December 7, 2022.  Defendants deny any and all remaining allegations contained in ¶ 30.**

31. Defendants' counsel finally responded on December 8, 2022 stating that "[w]e plan to have the files over to you before the holiday." *See* **Exhibit C.**

**ANSWER:    Admitted.**

32. To date, Plaintiffs have not received any of the materials requested in the November 15 Letter from Defendants.

**ANSWER:    Defendants do not possess knowledge or information sufficient to either admit or deny the allegations contained in ¶ 32.**

33. Upon information and belief, and without the benefit of a current and compete accounting, Defendants have failed to remit transfer at least $130,000 collected in settlements of the Infringement Actions to Millennium and its Current Agent.

**ANSWER:    Denied.**

34. Plaintiffs have performed all conditions required of them under their agreement with Defendants.

**ANSWER: Defendants admit that CMS has performed all of its obligations under its agreement with Defendants. Defendants deny any and all remaining allegations contained ¶ 34.**

## COUNT I
## BREACH OF CONTRACT

35. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

**ANSWER: Defendants repeat and reallege their answers to ¶¶ 1-35 as though fully set forth herein.**

36. Plaintiffs and Defendants entered into a valid and enforceable contract.

**ANSWER: Denied.**

37. Plaintiffs fully performed their duties under their contract with Defendants by among other things, supplying Defendants with the necessary information needed to investigate and file the Infringement Actions.

**ANSWER: Denied.**

38. Upon information and belief, and without the benefit of a current and complete accounting from Defendants, Defendants have failed to remit to Plaintiffs at least $130,000 collected in settlements of the Infringement Actions.

**ANSWER: Denied.**

39. Notwithstanding Plaintiffs' several requests, Defendants have failed to provide their files for the Infringement Actions to Plaintiffs.

**ANSWER: Denied.**

40. Defendants' actions constitute a breach of their contract with Plaintiffs.

**ANSWER: Denied.**

41. Defendants' breach has damaged Plaintiffs in the amount of at least $131,124.51, an amount that is likely increase upon a review of Defendants' files for and a current and complete accounting of the Infringement Actions.

**ANSWER: Denied.**

## COUNT II
## EQUITABLE ACCOUNTING

42. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 42 above as though fully set forth herein.

**ANSWER: Defendants repeat and reallege their answers to ¶¶ 1-42 as though fully set forth herein.**

43. As attorneys for Plaintiffs, Defendants have an established fiduciary relationship with Plaintiffs, and therefore owe Plaintiffs a duty as a matter of law.

**ANSWER: Paragraph 43 states a legal conclusion to which no response is required.**

44. Defendants' fiduciary duties owed to Plaintiffs include a duty to accurately account for each of the Infringement Actions

**ANSWER: Denied.**

45. Defendants have breached these duties to properly account for all of the Infringement Actions, and without such an accounting and the ability to review of Defendants files for the Infringement Actions, which Defendants have refused to provide to Plaintiffs, it is impossible for Plaintiffs to determine the true amount Defendants owe Plaintiffs. Due to the

unascertainable nature of the money Defendants owe to Plaintiffs, Plaintiffs lack an adequate remedy at law.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations – 735 ILCS 5/2-214.3(b))

Defendants, MICHAEL A. HIERL and HUGHES SOCOL PIERS RESNICK & DYM, LTD., for their First Affirmative Defense against Plaintiffs, MILLENNIUM FUNDING INC., BODYGUARD PRODUCTIONS, INC., and LHF PRODUCTIONS, INC. ("Plaintiffs" or "Millenium"), state as follows:

1. Plaintiffs seek to assert claims for breach of contract and accounting against Defendants related to Defendants' representation of Millenium in numerous copyright infringement lawsuits filed in the Northern District of Illinois.

2. 735 ILCS 5/13-214.3(b) provides in relevant part as follows:

> (b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

735 ILCS 5/13-214.3(b).

3. The two-year statute of limitations applicable to claims against attorneys extends to all claims against an attorney arising out of acts or omissions in the performance of professional services, and not just legal malpractice claims brought against an attorney by a client. *Evanston Insurance Co. v. Riseborough*, 5 N.E.3d 158, 166 (Ill. 2014) (recognizing that "the statute broadly applies to 'action[s] for damages based on tort, contract, or otherwise \*\*\*

arising out of an act or omission in the performance of professional services,' which encompasses a number of potential causes of action in addition to legal malpractice"); *Janousek v. Katten Muchin Rosenman LLP*, 44 N.E.3d 501, 505 (Ill. App. Ct. 2015) (stating that section 13-214.3(b) "applies to any claim concerning an attorney's professional services").

4. The allegations and claims asserted by Millenium in their Complaint all arise out of actions taken by Defendants in the performance of professional services.

5. This case was filed by Millenium on November 30, 2023 [ECF No. 1].

6. On July 10, 2021, counsel for Millenium sent a "demand letter" to Defendants seeking to recover the same amounts it seeks to recover in this lawsuit. *See* July 10, 2021 Demand Letter and Email, Ex. A hereto.

7. On August 2, 2021, counsel for Millenium sent a second letter to Defendants regarding Defendants' alleged failure to remit all amounts due to Millenium (*i.e.*, the same complaints and amounts it seeks in this lawsuit). *See* August 2, 2021 Letter and Email, Ex. B hereto.

8. On November 17, 2021, counsel for Millenium sent an email and draft complaint to be filed by Millenium against Defendants that essentially mimics the allegations stated by Millenium in the present case. *See* Nov. 17, 2021 Email and Draft Complaint, Ex. A hereto.

9. At the absolute latest, Millenium knew about its alleged injuries and that they were wrongfully caused by Defendants on November 17, 2021 (*i.e.*, more than two years before Millenium filed the present case) when its counsel sent a draft complaint by Millenium against Defendants.

10. There is no doubt that Millenium knew of its alleged injuries and that they were allegedly wrongfully caused by November 17, 2021, at the very latest. In fact, Millenium even

knew that its alleged injuries were wrongfully caused by Defendants on that date as set forth in the email and draft complaint against Defendants sent by Millenium's lawyer.

11. As such, Millenium's claims are time-barred under 735 ILCS 5/13-214.3(b) and must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**
**(Estoppel)**

Defendants, MICHAEL A. HIERL and HUGHES SOCOL PIERS RESNICK & DYM, LTD., for their Second Affirmative Defense against Plaintiffs, MILLENNIUM FUNDING INC., BODYGUARD PRODUCTIONS, INC., and LHF PRODUCTIONS, INC. ("Plaintiffs" or "Millenium"), state as follows:

1. In February 2021, upon a final accounting, Millenium was informed that it was due $19,100.39. Millenium agreed to this amount and sent wire instructions to Defendants to transmit the funds to Millenium.

2. Defendants relied upon Millenium's agreement in wiring the $19,100.39 to Millenium and concluding this matter. Defendants' reliance upon Millenium's agreement and its actions taken thereunder were reasonable.

3. Millenium is now estopped from claiming additional sums are owed to it by Defendants after having agreed and affirmed to Defendants that $19,100.39 was the full amount owed to Millenium.

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver and Laches)**

Defendants, MICHAEL A. HIERL and HUGHES SOCOL PIERS RESNICK & DYM, LTD., for their Third Affirmative Defense against Plaintiffs, MILLENNIUM FUNDING INC., BODYGUARD PRODUCTIONS, INC., and LHF PRODUCTIONS, INC. ("Plaintiffs" or "Millenium"), state as follows:

1.   The gravamen of the misconduct alleged by Millenium against Defendants occurred in 2021.

2.   Defendants provided a final accounting and transmitted all funds it held pursuant to its contract with CMS on March 12, 2021.

3.   Yet, Millenium did not file this lawsuit until November 30, 2023 (*i.e.*, 32 months later).

4.   Under such circumstances, Millenium has waived its claims and its claims are barred by the doctrine of laches.

**\*\*DEFENDANTS HEREBY DEMAND TRIAL BY JURY\*\***

Respectfully submitted,

MICHAEL A. HIERL and HUGHES SOCOL PIERS RESNICK & DYM, LTD.

By: __/s/ *Victor J. Pioli*_____
    One of their Attorneys

Joseph R. Marconi (marconij@jbltd.com)
Victor J. Pioli (pioliv@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
312.372.0770 (T)
312.372.9818 (F)

-16-

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                      */s/ Victor J. Pioli*