**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Millennium Funding, Inc., Bodyguard Productions, Inc., and LHF Productions, Inc.,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 23-cv-16372** |
| | ) | |
| *vs.* | ) | **Judge John F. Kness** |
| | ) | |
| **Michael A. Hierl, Esq.,** | ) | **Magistrate Judge Jeffrey Cole** |
| **Hughes Sokol Piers Resnick & Dym, Ltd.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' OPPOSITION TO CHARLES MUSZYNSKI'S**
**MOTION FOR LEAVE TO INTERVENE**

Plaintiffs Millennium Funding, Inc., Bodyguard Productions, Inc., and LHF Productions, Inc. (collectively, "Plaintiffs") object to and request the Court to deny Charles Muszynski's ("Movant") Motion for Leave to Intervene in this action (Dkt. 32). Movant failed to identify, and does not possess, any interest relating to the property and transaction that is subject of this action, does not possess any claim or defense that shares a questions of law or fact with this action, and failed to submit a pleading that sets out any purported claim or defense for which intervention is sought, which are all required for intervention under Fed. R. Civ. P. 24. Accordingly, Plaintiffs request the Court to deny Movant's Motion.

**I.      Legal Standard**

"Intervention provides a mechanism for non-parties to protect interests that might otherwise be adversely affected by a trial court judgment." *iWork Software, LLC v. Corp. Express, Inc.*, 2003 WL 22494851, at \*1 (N.D. Ill. 2003) (*citing Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998)).

1

Intervention is sometimes mandatory and sometimes permissive. *See* Fed. R. Civ. P. 24(a) ("Intervention of Right"); Fed. R. Civ. P. 24(b) ("Permissive Intervention"). Different rules apply to the two different forms of intervention. Rule 24(a) describes when a district court "must" allow a party to intervene, requires intervention if a moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a)(2). A court must permit a non-party to intervene under Rule 24(a)(2) if the proposed intervenor satisfies four criteria: "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). Anyone seeking to intervene must satisfy all four requirements, and the burden is on the non-party seeking to join the case. *See Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001) (noting that a potential intervenor "is required to prove each of these four elements," and that "the lack of one element requires that the motion to intervene be denied").

Under Rule 24(b), the court may exercise its discretion to permit a timely motion for intervention when the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Notably, a court's decision to allow intervention is "wholly discretionary." *Philadelphia Indem. Ins. Co. v. Hometown Coop. Apartments, Inc.*, No. 23 C 4977, 2023 WL 7126683, at *2 (N.D. Ill. Oct. 29, 2023) (*citing Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)).

2

Rule 24(c) requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## II. Movant Has No Interest Relating To Property Or Transaction That Is The Subject Matter Of This Action

Movant has no plausible claim to an interest "relating to the property or transaction" that is the subject of this action, and thus should not be permitted to intervene under Rule 24(a)(2). In this case, Plaintiffs are asserting claims for breach of contract and an equitable accounting against their former counsel (collectively, "Defendants") that represented Plaintiffs in several copyright infringement actions filed in the District Court for the Northern District of Illinois (collectively, the "Illinois Infringement Actions"). (Dkt. 1.) Plaintiffs are seeking an accounting from Defendants relating to the Illinois Infringement Actions to permit Plaintiffs to assess the true amount Defendants owe Plaintiffs from settlement collections and damages relating to the same. (*Id*.) Plaintiffs' claims and requested relief in this action relate solely to Defendants' alleged withholding of case files and settlement payments relating to the Illinois Infringement Actions. (*See* Dkt. 1.)

In his Motion, Movant make several wide-ranging allegations attempting to connect this action with the case Plaintiffs, along with several other parties, filed against Movant in District Court for the Southern District of Florida (the "Florida Action"). In the Florida Action., Plaintiffs asserted claims for direct and contributory copyright infringement and related claims against Movant related to his alleged infringement and assisting of others to infringe Plaintiffs' copyrighted works. A true and correct copy of Plaintiffs' Complaint in the Florida Action is attached hereto as **Exhibit A**. In the Florida Action, the Court granted Plaintiffs' Motion for Default Judgement against Movant and also issued a permanent injunction prohibiting Movant

from infringing and/or contributing to the infringement of Plaintiffs' copyrighted works. Copies of the Court's Orders in the Florida Action are attached hereto as **Exhibits B and C**. In addition, the Court ordered Movant to pay Plaintiffs $250,000 in statutory damages relating to its infringement of Plaintiffs' copyrighted works. *See* **Exhibit C**. Following the Court's Orders against Defendant in the Florida Action, Movant filed for bankruptcy, and upon information and belief the proceedings relating to Movant's bankruptcy claims are still pending. *See* Plaintiffs' status report filed in the Florida Action on August 26, 2024 attached hereto as **Exhibit D**.

Plaintiffs' claims against Defendants in this action and Plaintiffs' right to obtain full settlement payments and case files relating to the Illinois Infringement Actions are wholly unrelated to Plaintiffs' claims against Movant in the Florida Action and the damages the Court awarded Plaintiffs relating to those claims. Likewise, any ruling in this action has no bearing on Movant's pending bankruptcy proceedings. As such, Movant has absolutely no plausible claim to an "interest relating to the property or transaction that is the subject" of this Action, thus is not entitled to intervene in this Action.

Accordingly, Plaintiffs request that the Court deny Movant's Motion under Fed. R. Civ. P. 24(a)(2).

### III.    Movant Hs No Claim Or Defense That Shares A Common Question of Law or Fact With This Action

Movant further seeks permission from this Court to intervene in this Action under Rule 24(b)(1)(B), which allows a court to permit a party to intervene if the party "has a claim or defense that shares with the main action a common question of law or fact." However, for the same reasons set forth above demonstrating why Movant does not have any plausible interest in this Action, it is clear he also has no claim or defense in common with Plaintiffs' claims or Defendant's defenses.

4

In this case, Plaintiffs are seeking information and damages from Defendants relating to the Defendants' settlement of the Illinois Infringement Actions. (*see* Dkt. 1.) Plaintiffs' claims, and Defendant's purported defenses to those claims, are solely between Plaintiffs and Defendants. (*Id.*; *see also* Defendant's Answer, Dkt. 16.) Movant has no possible claim or defense in common with the parties' claims and defenses in this case, as he was not involved with Defendants' representation of Plaintiffs in the Illinois Infringement Actions or Defendants' collection of settlement payments relating to those Actions. Therefore, Movant should not be permitted to intervene in this action under Fed. R. Civ. P. 24(b)(1)(B).

## IV.    Movant Failed To Comply with Rule 24(c)

Fed. R. Civ. P. 24(c) states that, "[a] motion to intervene must . . . state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Movant failed to submit a pleading with his Motion setting out any claim or defense for which intervention is sought, thereby preventing Plaintiffs from evaluating any such purported claim and/or defense. Therefore, Movant did not comply with Rule 24(c), and Movant's Motion should be denied for failure to comply with the Rule.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court to deny Movant's Motion for Leave to Intervene.

//

//

//

//

//

Respectfully submitted,

                                          **MILLENNIUM FUNDING, INC., BODYGUARD PRODUCTIONS, INC., and LHF PRODUCTIONS, INC.**

Dated: <u>September 3, 2024</u>        By: <u>/s/ Joshua S. Frick</u>
Jonathan P. Froemel
Joshua S. Frick
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: 312-357-1313
Facsimile: 312-759-5646
Email: Jonathan.Froemel@btlaw.com
           Joshua.Frick@btlaw.com

*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 3, 2024, the foregoing document was filed via the United States Court for the Northern District of Illinois CM/ECF electronic document filing system, which will serve notice therefor upon the attorneys of record.

By: /s/ Joshua S. Frick